• . j, ., , Opimon of the court.
„ T ¡southard J.
1 wo reasons have been relied on lor the reversal of this judgment. 1. Because, after a venire é ° ^ .... been issued, and the jury summoned, the justice dismissed the jurors and tried the cause himself. 2. Because paper purporting to be the copy of the agreement on which the suit was founded, was illegally received in evidence.
1. The defendant did not at any time, appear before the justice; but the plaintiff requested and the justice *578 issued a venire, which was regularly served and the jury on the day set for the trial. The issuing of this venire, was certainly irregular, and had the cause been tried by it, would have been proper ground for reversal. But the justice seems to have been aware that he had committed a blunder, and as the defendant did not appear on the day of trial, he conducted the cause as if no venire had been granted. In what then did the error consist? Notin the trial, nor in the judgment. They were both legal; but in a previous proceeding which was altogether inoperative, and deprived the party of none of his rights. With the exception of issuing this writ, the whole proceedings were precisely as they should have been, and this writ was rendered a nullity; it had no operation. Ought we then to reverse for this cause ? I think not.
*2- This action was founded on an article of agreement under seal; and a paper said to be a copy was received in evidence. By the transcript and an amended return, it seems, that there was proof, at the trial, that this article was believed to be in the hands of a certain George Forsyth, who was an agent of the defendant or acted as such, that a subpoena was served on Forsyth, “ directing him to attend the trial, and bring with him a certain article of agreement then in his hands between the parties in the suit.” (a) That Forsyth did not attend nor send the article, and one witness swore, that he believed the copy of the article offered, was the hand-writing of Forsyth. This article was an important paper, it was the foundation of the plaintiff’s claim, and the defendant’s liability. It was necessary that it should have been before the court on the hearing, or that a copy should be furnished about the correctness of which no doubt could exist. No rule of law should be disregarded in order to ensure its admission. Now the law as to the admission of copies of writings, is cleár and has been violated in this instance in two respects.
1. It was not satisfactorily shewn that the original could *579 not be produced. No proof was given that it was not in the plaintiffs possession, or that it had been lost. It was only “ believed to be in Forsyth’s possession.” And why believed to be there ? No one had seen it there ; it had not been entrusted to him by the parties; he was “ the defendant’s agent or acted as such.” This is not sufficient. The law is very explicit; the original must be accounted for. 2. The copy was not sufficiently proved. No one had examined it, as a copy, nor did any one swear to the contents of the original. All the proof was, that it was believed to be in Forsyth’s hand-writing. More than this was necessary to justify the admission of a copy. It must be clearly shewn to be a copy. The justice therefore erred. The court cannot help regretting this conclusion, for the whole aspect of the cause, the neglect of the defendant to attend at all, to so important a matter; the refusal of a man who had at least acted as agent and was supposed to have the writing, to attend as a witness, creates a pretty strong suspicion, that the principal and agent understood each other, and intended by keeping back, to prevent the plaintiff from having a recovery. But be this as it may, the law has been violated and the judgment ought to be reversed.

 Murray vs. Elston, 8 C. E. Gr. 212. See also The Board of Justices vs. Fennimore, Coxe 242. Watkins vs. Pinkard, Coxe 378. Clark vs. Imlay, 7 Hal. 119. Moran vs. Green, 1 Zab. 572, note.